27 So.2d 512

## KELLEY v. STATE.

### 4 Div. 919.

Court of Appeals of Alabama.
June 25, 1946.

Rehearing Denied Aug. 1, 1946.

T. R. Ward, of Abbeville, and Alto V. Lee, III, and Jas. L. Tindell, both of Dothan, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant, defendant below, was tried upon an indictment which charged that he, "unlawfully and with malice aforethought, killed L. C. Clayton, whose name is to the grand jury otherwise unknown, by shooting him with a gun, against the peace and dignity of the State of Alabama." The foregoing indictment charged murder in the first degree. The trial resulted in his conviction of the offense of manslaughter in the first degree and the jury fixed his punishment at imprisonment for five years. Judgment of conviction and sentence in accordance with the verdict of the jury was duly pronounced and entered, from which this appeal was taken.

Upon this appeal but two insistences of error are presented for the consideration of this court: (1) "The trial court erred in overruling appellant's motion for a new trial." (2) "The trial court erred in overruling defendant's objection to the following question propounded by the State to the witness Mella Nee Clayton, 'What did he say?'"

Having thoroughly familiarized ourselves with the voluminous transcript in this case, we are clearly of the opinion that there is no merit in either of the insistences above quoted. As to the question, propounded to witness Mella Nee Clayton, the court properly held the objection was not well taken. It pertained to the res gestæ, and the answer of the witness to the effect "Latt has shot me" immediately after the gun fired, was of course relevant and in so ruling the trial court committed no error.

The remaining contention that the court erred in overruling appellant's motion for a new trial, is so patently without merit as to need no discussion. It would be difficult to conceive of a trial being more fair to the defendant than was this trial accord-

ed him as disclosed by this record. We think the accused should be deeply grateful to the jury in fixing so light a punishment, for under the preponderance of the evidence a much severer punishment might properly have been fixed.

No reversible error appearing it is ordered and adjudged that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.